UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL AKEY, an individual, N.D., a minor, RYAN CORNACCHIOLI, an individual, and LINDA CLAYTON, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>PLACER COUNTY, CALIFORNIA, a county government, SCOTT MYERS, in his official capacity and as an individual, GLORIA SUTTON in her official capacity and as an individual, and DOES 1-10,<br><br>Defendants. | No. 2:14-CV-02402 KJM-KJN<br><br>ORDER |

   This motion is before the court on plaintiff Rachel Akey's unopposed motion to appoint her as guardian ad litem for her minor son, N.D. ECF No. 8. For the reasons discussed below, the court GRANTS plaintiff's request.

   Federal Rule of Civil Procedure 17(c)(2) provides: "A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem – or issue another appropriate order

– to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c).

With reference to Rule 17, this court's Local Rules provide: "Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court." L.R. 202(a).

Plaintiffs allege several constitutional and state law claims related to actions involving the custody of N.D., his mother (plaintiff Akey), stepfather (plaintiff Cornacchioli), grandmother (plaintiff Clayton), and father Cameron Dupree (not a party in this action). Plaintiffs seek punitive, treble, and general damages plus attorneys' fees. *See* Compl. at 67, ECF No. 1.  N.D. is four years old (Compl. ¶ 1), not represented by separate counsel, and cannot represent his own interests in this action.

A parent is generally appointed guardian ad litem. *Anthem Life Ins. Co. v. Olguin*, No. 1:06-CV-01165, 2007 WL 1390672, at *2-3 (E.D. Cal. May 9, 2007); *see also Fontalvo ex rel. Fontalvo v. Sikorsky Aircraft Corp.*, No. 13CV0331-GPC-KSC, 2014 WL 5092742, at *2 (S.D. Cal. Oct. 9, 2014) (citing *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001)).  However, courts should not appoint parents as guardians ad litem when there is a conflict between the interests of the minor children and those of the parents. *M.S. v. Wermers*, 557 F.2d 170, 174 (8th Cir. 1977); *cf. Phelan v. Brentwood Union Sch. Dist.*, No. C 12-00465 LB, 2012 WL 909294, at *1 (N.D. Cal. 2012) (no apparent conflict of interest based on father and son's Fourth and Fourteenth Amendment claims against son's school and teacher from injuries son suffered at school).

On the record before it, the court does not find a conflict between the interests of Akey and N.D. such that Akey is an unsuitable guardian ad litem. The adult plaintiffs, in stating their causes of action against defendants for violations of California state law and deprivation of constitutional rights, do not assert arguments contrary to the minor's interests.  The court

ultimately will consider the parties' motions independently; with the court's protection, the involvement of counsel, and Akey's appointment as guardian ad litem, the minor's interests in this case will be adequately protected.

The court GRANTS plaintiff's motion to appoint Rachel Akey as guardian ad litem for minor N.D.

IT IS SO ORDERED.

DATED: December 30, 2014.

UNITED STATES DISTRICT JUDGE