PLACER COUNTY COUNSEL'S OFFICE
David K. Huskey (SBN 109329)
Clayton T. Cook (SBN 260891)
175 Fulweiler Avenue
Auburn, California  95603
Telephone:   (530) 889-4044
Facsimile:    (530) 889-4069

Attorneys for Defendants Placer County,
Scott Myers and Gloria Sutton

Patrick H. Dwyer (SBN 137743)
P.O. Box 1705
Penn Valley, CA 95946
Telephone:   (530) 432-5407
Facsimile:   (530) 432-9122

Attorney for Plaintiffs Rachael Akey,
N.D., a minor, Ryan Cornacchioli, and Linda Clayton

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rachael Akey, an individual, and N.D., a minor, by Rachel Akey as Guardian ad litem, and Ryan Cornacchioli, an individual, and Linda Clayton an individual,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>Placer County, California, a county government, and Scott Myers, in his official capacity as a social worker supervisor and as an individual, and Gloria Sutton in her official capacity as a social worker and as an individual, and Does 1 through 10,<br><br>　　　　　　Defendants. | **Case No.  2:14-cv-02402-KJM-KJN**<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

///

///

1

WHEREAS, Plaintiffs N.D., a minor, by Rachel Akey as guardian ad litem, Rachel Akey, an individual, Ryan Cornacchioli, an individual, and Linda Clayton, an individual (hereinafter "Plaintiffs") and Defendants Placer County, Scott Myers and Gloria Sutton (hereinafter "Defendants") have agreed to exchange certain confidential and private information (e.g., information contained in the files of Placer County Superior Court, Case No. SDR-3557);

WHEREAS, the aforementioned information and/or documents are subject to limitations on disclosure under federal laws, state laws, and privacy rights;

NOW, THEREFORE, IT IS HEREBY STIPULATED by and between the undersigned Parties ("Stipulating Parties), by and through their respective counsel of record, in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure, as follows:

**1.  Definitions**

In this Stipulated Confidentiality Agreement and Protective Order ("Agreement"), the words set forth below shall have the following meanings:

    a.  "Stipulating Parties" means Plaintiffs, Defendants, and any other party that later joins this Agreement.

    b.  "Designating Party" means the Stipulating Party that designates any information as "Confidential Information," as the term is defined below, subject to the terms of this Agreement.

    c.  "Producing Party" shall mean the person that produces any information that is subject to the terms of this Agreement including persons who are not parties to this action but who agree in writing to produce Confidential Information subject to the terms of this Agreement.

    d.  "Proceeding" means and refers to the lawsuit *Rachel Akey, et al. v. Placer County, et al*., United Stated District Court for the Eastern District of California, Case No. 2:14-CV-2402 KJM KJN.

e.   "Court" means any judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

f.   "Documents" means any "Writings," "Recordings," and "Photographs" as those terms are defined by Federal Rules of Evidence, Rule 1001(1) and (2), and any copies, reproductions, or summaries of all or any part of the foregoing.

g.   "Testimony" means declarations or other testimony provided which relates to, evidences, or concerns information that is the subject of this Agreement.

h.   "Information" means the contents of Documents or Testimony.

i.   "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Documents, Testimony or Information, or any part thereof, or any information contained therein.

j.   "Confidential" means any information that the Designating Party in good faith believes contains, reflects, regards, or discloses private or confidential information including, but not limited to, documents filed in a juvenile court case, reports by social workers of child welfare services programs, documents made available to social workers of child welfare services programs, and all other "juvenile case file" documents as the term is defined in California Rules of Court, rule 5.552, subdivision (a).

k.   "Confidential Information" means any Documents, Testimony or Information designated as Confidential pursuant to the provisions of this Agreement.

**2.   Information Covered: "Discovery Material"**

This Agreement shall govern any Document, Testimony or Information identified above, including but not limited to contents, copies, excerpts and summaries thereof, furnished, provided, produced, filed, or served in the above-captioned action (herein collectively referred to as "Discovery Material").

**3.   Designation of Discovery Material**

Any Producing Party may designate Discovery Material it produces as Confidential Information, provided the Producing Party has a good faith belief, formed after an inquiry

reasonable under the circumstances, that it is necessary in the interests of justice to remove the Discovery Material being designated from the public record and that such designation complies with any orders this Court has issued concerning this Stipulated Confidentiality Agreement and Protective Order. Any such designation shall be made with a good faith belief that such Discovery Material is Confidential, disclosure of which could result in harm to the Producing Party or others.

**4.    Designation Procedures**

Any Discovery Material to be designated as Confidential must be clearly designated with the word "CONFIDENTIAL" before the Discovery Material is Disclosed. The Confidential designation should not obscure or interfere with the legibility of the designated Information.

   a.    For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the designation "Confidential" on each page of any Document containing such designated Confidential Information.

   b.    For Testimony given in depositions the Designating Party may either: (i) identify on the record, before the close of the deposition, all Confidential Information, by specifying all portions of the Testimony that qualify as Confidential; or (ii) designate the entirety of the Testimony at the deposition before the deposition is concluded as Confidential Information with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing Confidential Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

   c.    For Discovery Materials produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only

portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the Confidential portions.

    d.    For Discovery Materials produced in native formats, including, but not limited to, information produced as Microsoft Excel, Microsoft Access, or Lotus Notes files, the entirety of each file shall also be deemed Confidential if the placeholder page bearing the Bates number for such a document is affixed with the designation "CONFIDENTIAL," or if a disc containing these files is marked with the designation "CONFIDENTIAL."

**5.**    **Use of Confidential Information**

Confidential Information shall not be used for any purpose other than the conduct of this Proceeding. No one shall be permitted access to Confidential Information except to the extent necessary to assist in the prosecution, defense, settlement, or appeal of this Proceeding. Notwithstanding the foregoing, any Designating Party may use its own Confidential Information for any purpose whatsoever.

**6.**    **Confidentiality of Discovery Material**

Confidential Information shall be disclosed only to "Qualified Persons." As used herein, a Qualified Person is:

    a.    Any individual(s) named as parties to the Proceeding;

    b.    Any attorney of record for a Stipulating Party in this action, including staff and supporting personnel of such attorneys (e.g., paralegals, office assistants, associates, secretaries, stenographic or clerical employees or contractors, and outside copying services), to whom it is necessary that the materials be disclosed for purposes of this litigation;

    c.    Any attorney currently or formerly employed by or contracting with any of the Stipulating Parties, including staff and supporting personnel of such attorneys (e.g., paralegals, office assistants, associates, secretaries, stenographic or clerical employees or contractors, and outside copying services), to whom it is necessary that the materials be disclosed for purposes of this litigation;

     d.     Any corporate officer, corporate director, employee, contractor, or agent of a Stipulating Party; or employee of Placer County's Family and Children's Services; but only to the extent necessary to assist in the conduct or preparation of this litigation;

     e.     Any person who is expressly retained or sought to be retained by a Stipulating Party as a consultant, attorney, or as an expert, provided that Confidential Information shall only be disclosed to any such person to the extent necessary for that person to perform his or her work on this litigation. Any parties identified in this subsection must sign the "AGREEMENT CONCERNING MATERIAL COVERED BY A CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER", attached as Exhibit 1 to this Agreement.

     f.     With respect to any particular document that has been designated as Confidential Information, the author or addressee of that particular document, as well as any person who prepared or reviewed that document prior to the date this action was filed;

     g.     Deponents, trial witnesses or their counsel who have a reasonable need to review any Confidential Information during the course of, or in preparation for, their testimony in this Proceeding;

     h.     Any person who is designated to receive Confidential Information by order of this Court or by written stipulation with the Designating Party; and

     i.     The Court, court personnel, and any court reporters used in connection with this litigation.

**7.     Written Agreement of Third Party Recipients of Confidential Information**

Prior to disclosure, dissemination or communication of any Confidential Information, any copies or reproductions thereof, or any information contained therein to any person contacted or interviewed by counsel for use or possible use as a witness or consultant in this action, a copy of this Agreement first shall be presented to the person to whom the Confidential Information is to be disclosed or communicated and such person shall execute a nondisclosure agreement.

///

### 8. Protection and Preservation of Confidential Information

Any person who receives Confidential Information pursuant to this Agreement shall use and maintain such information in a manner that protects and preserves the confidentiality of such information. Each Stipulating Party or its counsel shall maintain a list of names of all persons to whom Confidential Information, any copies or reproductions thereof, or any Confidential Information contained therein has been disclosed, disseminated or communicated and a description of the Confidential Information so disclosed.  Upon termination of this action (whether by judgment, verdict, settlement or otherwise), such list shall be made available upon request to the Producing Party who designated the Discovery Material as Confidential Information.

### 9. Objections to "Confidential" Designation

In the event that any Party objects to the designation of any Discovery Material as Confidential Information, that Party shall make the objection known to the Producing Party and thereafter, counsel shall meet and confer (by telephone or otherwise) in a good faith attempt to resolve the dispute.  In the event that the dispute is unresolved, the Producing Party making the Confidential designation shall present the dispute to the Court within a reasonable length of time, but no more than thirty (30) days after the Parties have been unsuccessful in their efforts to resolve the dispute.  If the Party objecting to the designation needs or desires resolution by the Court sooner than the time allotted, it may present the dispute to the Court in camera.  In either case, any Discovery Material designated as Confidential Information shall remain protected until the Court rules otherwise.

### 10. Relief from Agreement

Any Stipulating Party (or other person subject to the terms of this Agreement) may ask the Court, after appropriate notice to the other parties to the Proceeding, to modify or grant relief from any provision of this Agreement.

### 11. Request to Produce Documents, Including Subpoenas

In the event that any Party receiving Confidential Information is served with a subpoena, notice, or request to produce such information by any person, entity, or government agency to

whom disclosure is not otherwise permitted by this Agreement, the Party receiving such subpoena, notice, or request, shall apprise the Party who served the subpoena, notice, or request about the existence of this Agreement, shall object to the production of such Confidential Information on the grounds of the existence of this Agreement, and shall immediately notify the Producing Party thereof in writing to enable that Party to take whatever steps it deems appropriate to protect the Confidential Information from disclosure.

**12. Use Of Discovery Material In Court Filings (L.R. 141.1(b)(1))**

To the extent that any Stipulating Party intends to file any motion, petition, brief, memorandum, pretrial statement or other filing containing Confidential Information, such papers shall be filed under seal with the clerk of the Court in an envelope marked: "CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER AND WITHOUT ANY FURTHER SEALING ORDER REQUIRED."

**13. Use Of Discovery Materials In Court Trial (L.R. 141.1(b)(2))**

The Stipulating Parties shall also meet and confer regarding the procedures for use of Confidential Information at trial and shall move the Court for entry of an appropriate order if necessary. *See* FRCP 26; L.R. 141.1(b)(2).

**14. Complying With the Terms of This Agreement**

Entering into, agreeing to, and/or complying with the terms of this Agreement shall not:

    a. operate as an admission by any person that any particular Document, Testimony or Information marked "CONFIDENTIAL" contains or reflects confidential, private or personal information; or

    b. prejudice in any way the right of any party (or any other person subject to the terms of this Agreement):

        i. to seek a determination by the Court of whether any particular Confidential Information should be subject to protection as Confidential Information under the terms of this Agreement; or

          ii.      to seek relief from the Court on appropriate notice to all other parties to the Proceeding from any provision(s) of this Agreement, either generally or as to any particular Document, Testimony or Information.

**15. No Waiver**

Nothing contained in this Agreement constitutes an admission or waiver of any claim or defense by any Stipulating Party, and nothing contained in this Agreement shall affect the right of any Stipulating Party to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, or question at a deposition, or to seek further relief or protective orders from the Court.

**16. Challenging a Confidential Information Designation**

A Stipulating Party shall not be obligated to challenge the propriety of a Confidential Information designation at the time such a designation is made, and a failure to do so shall not preclude a subsequent challenge to the confidentiality of that information. In the event that any Stipulating Party disagrees at any stage of these Proceedings with the propriety of any designation of Confidential Information, that Stipulating Party shall provide to the Designating Party with written notice of its disagreement and shall thereafter make a good faith effort to resolve the dispute. If the dispute cannot be resolved, the Stipulating Party challenging the propriety of the designation may file a duly noticed motion requesting appropriate relief from the Court.

**17. Inadvertent Disclosure of Confidential Information**

If, after execution of this Agreement, any Confidential Information submitted by a Designating Party under the terms of this Agreement is Disclosed by a Stipulating Party to any person other than in the manner authorized by this Agreement, upon discovery of the unauthorized Disclosure by the Stipulating Party responsible, it shall bring all pertinent facts relating to the unauthorized Disclosure of such Confidential Information to the immediate attention of the Designating Party. Additionally, the Stipulating Party making the unauthorized Disclosure shall take steps to mitigate the unauthorized Disclosure by: (i) promptly informing the recipient of the unauthorized Disclosure of all the provisions of this Agreement; (ii) requesting that the recipient

agree to be bound to the terms of the Agreement; and (iii) if the recipient refuses to agree to be bound by the terms of the Agreement, request that the recipient return or destroy all copies of Confidential Information.

**18.     Duration of Agreement, Parties Obligations Upon Termination of Proceeding**

To the extent that the underlying Confidential Information continues to be subject to protection under applicable law and/or has not entered the public domain through no fault of the party against whom enforcement of this Agreement is sought, this Agreement shall continue to be binding after the conclusion of this Proceeding, except that a Stipulating Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Agreement.  To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Agreement, even after the Proceeding is terminated.   In addition, nothing in this Agreement is intended to restrict or limit the authority of the Court to direct the disclosure of any information designated as "Confidential Information" by any Stipulating Party to this litigation.

Upon written request made within sixty (60) days after the settlement or other termination of the Proceeding, the Stipulating Parties shall have sixty (60) days to either (a) promptly return to counsel for each Designating Party all Confidential Information and all copies thereof, except that counsel for each Stipulating Party may maintain in its files, in continuing compliance with the terms of this Agreement, all work product, and one copy of each Confidential document filed with the Court and one copy of each Deposition together with the exhibits marked at the Deposition, (b) agree with counsel for the Designating Party upon appropriate methods and certification for destruction, for retention, or for other disposition of such Confidential Information, or (c) as to any Documents, Testimony or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials.  To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

///

///

**19.     Public Records Not Protected**

Nothing in this Agreement shall be deemed to restrict in any way a Producing Party or its attorneys with respect to its own documents or to prevent a Producing Party from using or disclosing information obtained from public documents or other documents legally and properly obtained other than pursuant to being furnished in this case.

**20.     Governing Law**

This Agreement shall be governed by the laws, regulations and rules of the United States, the Federal Courts, and the State of California.  After this Agreement has been executed by the Stipulating Parties, it shall be presented to the Court for entry.

**21.     Joining the Agreement**

The Stipulating Parties expressly agree to be bound by this Agreement even if it is not joined by all parties named in this lawsuit.  Any party to the Proceeding who has not joined this Agreement as of the time it is presented to the Court for approval may thereafter join this Agreement by executing a copy thereof, filing it with the Court, and serving copies upon the other parties to this Proceeding.

**22.     Modification to Agreement by Court**

The Stipulating Parties agree to be bound by this Agreement in order to facilitate immediate production of Confidential Information under the terms herein, pending the anticipated entry of the Agreement by the Court.  In the event that the Court modifies this Agreement, or in the event that the Court enters a different Protective Order, the Stipulating Parties agree to be bound by this Agreement until such time as the Court may enter such a different Protective Order.  The Stipulating Parties agree to jointly seek a Protective Order with terms as similar to the terms herein as possible in the event that the Court does not enter this Agreement.

**23.     Entire Agreement**

This Agreement contains the entire agreement and understanding of the Stipulating Parties hereto and supersedes any prior agreements and understandings among them with respect to the subject matter hereof.  There are no agreements or understandings (oral or written) between and

among the Stipulating Parties hereto relating to the subject matter of this Agreement that are not set forth or expressly referred to herein. Amendments or modifications to this Agreement shall be invalid unless made in writing and signed on behalf of all of the Stipulating Parties.

**24.    Severability**

If, for any reason, any provision of this Agreement is held invalid, such invalidity shall not affect any other provision of this Agreement not held so invalid, and each such other provision shall to the full extent consistent with law continue in full force and effect.  If any provision of this Agreement shall be held invalid in part, such invalidity shall in no way affect the rest of the provision not held so invalid, and the rest of such provision, together with all other provisions of this Agreement, shall to the full extent consistent with law continue in full force and effect.

**25.    Counterparts**

This Agreement may be executed in counterpart, and all executed counterparts, including faxed or photocopied signatures, as well as copies transmitted in PDF format, shall be treated as an ink-signed original for all purposes.

**Now therefore**, the Stipulating Parties hereby stipulate to the foregoing terms and conditions (nos. 1-25) to safeguard the confidentiality of personal, juvenile, medical and financial records.

Dated: September ____, 2015            PLACER COUNTY COUNSEL'S OFFICE

                                       By:  _____
                                            David K. Huskey
                                            Clayton T. Cook
                                            Attorneys for Defendants

Dated: September ____, 2015            By:  _____
                                            Patrick H. Dwyer
                                            Attorney for Plaintiffs

12
Stipulated Confidentiality Agreement and Protective Order

EXHIBIT 1

AGREEMENT CONCERNING MATERIAL
COVERED BY A CONFIDENTIALITY AGREEMENT
AND PROTECTIVE ORDER

    The undersigned acknowledges that he/she has read the attached Stipulated Confidentiality Agreement and Protective Order agreed to by the Parties and entered by the Court in the above-captioned case, and understands the terms thereof and agrees to be bound by such terms.

_____  Date: _____, 201\_
       Signature

_____
       Print Name

# ORDER

The parties' stipulated confidentiality agreement and protective order is APPROVED and ENTERED, except that:

1. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. The parties must comply with Local Rule 141 with respect to requests to seal documents.

2. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial—such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

3. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251. Absent a showing of good cause, the court will not hear discovery disputes on an *ex parte* basis or on shortened time.

4. The parties may not modify the terms of this protective order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

5. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this protective order after the action is terminated.

Dated: September 22, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE