1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RACHEL AKEY, et al.,                        No.  2:14-cv-2402-KJM-KJN

12                 Plaintiffs,

13          v.                                   ORDER

14   PLACER COUNTY, et al.,

15                 Defendants.

16

17          This matter is before the court on defendants' motion to dismiss plaintiffs' second

18   amended complaint.  Defs.' Mot. to Dismiss ("Mot."), ECF No. 30-1.  The matter was submitted

19   without oral argument.  ECF No. 34.  Having reviewed the allegations of the second amended

20   complaint and the parties' briefing, the court grants the motion with leave to amend.

21   I.     ANALYSIS

22          A.     Intentional Infliction of Emotional Distress (IIED) (Claims 27–28)

23          In the order dismissing plaintiffs' first amended complaint, the court allowed for

24   an amended complaint showing defendants' conduct was specifically directed at plaintiff Linda

25   Clayton or that defendants conducted themselves with an awareness of her presence.  Order at 11,

26   ECF No. 26 (citing *Ess v. Eskaton Properties, Inc.*, 97 Cal. App. 4th 120, 130 (2002)).

27          In response, plaintiffs filed the second amended complaint, alleging at the time of

28   defendant Gloria Sutton's call to co-plaintiff Rachel Akey, Ms. Clayton "was physically present

                                                1

1   with Akey and witnessed Sutton[] telling Akey [] she had lost custody of her son."  Compl. ¶ 257,

2   ECF No. 29.  Plaintiffs also allege Ms. Sutton observed Ms. Clayton was extremely hurt and

3   upset by the allegations against her daughter.  *Id.*  Plaintiffs allege the same facts with regard to

4   defendant Scott Myers.  *See id.* ¶ 263.  Further, Plaintiffs allege Ms. Clayton directly witnessed

5   Ms. Sutton's and Mr. Myers' intentional effort to coerce Ms. Akey's consent to the removal and

6   assigning sole custody of N.D. to  Cameron Dupree, N.D.'s father, by threatening "to take all of

7   Ms. Akey's children away."  *Id.* ¶¶ 257, 263.  Ms. Clayton personally observed the "shock, hurt,

8   confusion, and humiliation of her daughter in those moments," and that defendants were fully

9   aware Ms. Clayton was listening on the phone for the entire duration of the call.  *Id.*  Plaintiffs

10  further allege Ms. Sutton and Mr. Myers manipulated the situation, considering the emotional

11  distress of Ms. Clayton, to pressure Ms. Akey into relinquishing her custody over N.D.  *Id.*

12          Notwithstanding these details, plaintiffs do not sufficiently allege how Ms. Sutton

13  or Mr. Myers became "fully aware Clayton was listening on the phone for the entire duration of

14  the call."  *See* Compl. ¶ 271.  Plaintiffs' mere  juxtaposition of the allegation that Ms. Clayton

15  saw her daughter's hurt and confusion, with the allegation that defendants were fully aware

16  Ms. Clayton was listening to the telephone conversation, does not show how defendants became

17  aware of the presence of anyone other than the person to whom the call was directed, Rachel

18  Akey.  Plaintiffs allegations are conclusory, amounting to no more than "unadorned accusations"

19  from which the court cannot draw reasonable inferences regarding Ms. Sutton's or Mr. Myers'

20  conduct or level of awareness.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[C]onclusory or

21  formulaic recitations of elements do not alone suffice.").  Plaintiffs' claims are dismissed with

22  leave to amend once more, in compliance with this order and subject to Federal Rule of Civil

23  Procedure 11.

24          B.      Negligent Infliction of Emotional Distress (NIED) (Claims 29–30)

25          As with the IIED claims, this court allowed plaintiffs to amend their complaint to

26  support the "requisite level of seriousness for an NIED claim."  Order at 12.  In response,

27  plaintiffs' second amended complaint alleges many of the same facts pleaded in support of their

28  IIED claims.

1    Plaintiffs have not sufficiently alleged the requisite level of seriousness for an

2   NIED claim.  Plaintiffs' allegations continue to be more akin to those in *Garcia ex rel. v. Cnty. of*

3   *Sacramento*, No. 11-3317, 2012 WL 1605056 (E.D. Cal. May 7, 2012), than to *Haddox v. City of*

4   *Fresno*, No 107-00241, 2008 WL 53244 (E.D. Cal. Jan. 2, 2008), *abrogated on other grounds by*

5   *Sanchez v. City of Fresno*, 914 F. Supp. 2d 1079 (E.D. Cal. 2012).  *See* Order at 12–13.  For

6   example, the second amended complaint alleges no threat of physical injury to either plaintiff

7   Clayton or to plaintiff Akey.  Although physical injury to a bystander is not a prerequisite to

8   recovering damages for serious emotional distress, *Burgess v. Superior Court*, 2 Cal. 4th 1064,

9   1079 (1992),  California courts have been skeptical of bystander claims where the bystander did

10   not at least witness a physical injury.  Order at 12 (citing *Garcia ex rel. v. Cnty. of Sacramento*,

11   No. S-11-3317, 2012 WL 1605056, at *6 (E.D. Cal. May 7, 2012)).

12    Here, plaintiffs allege little more than experiencing emotional hurt upon seeing

13   Ms. Akey in anguish and shock.  Without any citation to authority, plaintiffs argue in conclusory

14   terms that their pleading shows the requisite level of seriousness.  *See* Opp'n at 3, ECF No. 32.

15   Plaintiffs also argue "new factual allegations" show defendants knew Clayton was on the phone

16   and was extremely upset by the accusations and the threat to remove all of Akey's children.  *See*

17   Opp'n at 4.  To the extent these new facts fall outside the complaint, the court does not consider

18   them as they are not subject to judicial notice or subject to incorporation by reference.  *See Don*

19   *King Prods. Kingvision v. Lovato*, 911 F. Supp. 419, 421 (N.D. Cal. 1995) ("Unless the Court

20   converts the Rule 12(b)(6) motion into a summary judgment motion, the Court may not consider

21   material outside of the complaint.").  Setting aside the purported new facts, the case law does not

22   support plaintiffs' position.  *See Garcia*, 2012 WL 1605056, at *2; *see also Lawson v. Mgmt.*

23   *Activities*, 69 Cal. App. 4th 652, 655 (1999) (a bystander NIED claim may be maintained where

24   "the plaintiff suffered emotional distress upon seeing someone else physically hurt.").  Given the

25   potential, however, that plaintiffs' "new facts" could support amendment, plaintiffs' NIED claim

26   is dismissed with leave to amend.

27

28

1    C.    Respondeat Superior (Claim 31)

2         Defendants also contend plaintiffs' respondeat superior claim against Placer

3 County must be dismissed because employees Myers and Sutton cannot be held liable for the

4 infliction of IIED and NIED.  Because the court is dismissing plaintiffs' IIED and NIED claims

5 with leave to amend, it does not reach this issue at this time.

6 II.    CONCLUSION

7         Defendant's motion to dismiss is granted with leave to amend.  A third amended

8 complaint shall be filed within fourteen days of the date this order is filed.

9         This order resolves ECF No. 30.

10         IT IS SO ORDERED.

11  DATED:  March 21, 2016.

12
13
14                                      UNITED STATES DISTRICT JUDGE
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4