UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHCEL AKEY, et al., | No. 2:14-cv-2402 KJM DB |
| Plaintiffs, | |
| v. | ORDER |
| PLACER COUNTY, et al., | |
| Defendants. | |

On August 19, 2016, this matter came before the undersigned for hearing of defendants' motion to compel. Attorney Patrick Dwyer appeared on behalf of the plaintiffs. Attorney Clayton Cook appeared on behalf of the defendants.

Upon consideration of the arguments on file and at the hearing, and for the reasons set forth on the record at the hearing, IT IS HEREBY ORDERED that:

1. Defendants' July 19, 2016 motion to compel mental health examinations (Dkt. No. 50) is granted[1];

2. Pursuant to the parties' agreement, plaintiffs may videotape the examinations behind a mirror;

/////

---

[1] Plaintiffs agreed to submit to these examinations, but sought "conditions" which the undersigned will not grant. (Dkt. No. 52 at 2.)

1

3.  If plaintiffs elect to videotape the examinations, plaintiffs shall bear the cost of the videotaping and transcribing of those examinations;

4.  Plaintiffs' request that plaintiff Rachel Akey be allowed to watch the examination of plaintiff N.D. from behind a mirror is denied[2]; and

5. Plaintiffs' request that Rachel Akey's mental examination be limited to: (a) specific events after January 1, 2013 that are relevant to the emotional distress allegations; (b) the emotional aspects of the relationships with Cameron Dupree and Ryan Cornacchioli; and (c) any symptoms of emotional distress that Ms. Akey may have experienced prior to September 12, 2013 is denied.

Dated:  August 20, 2016

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DLB1\orders.civil\akey2402.oah.081916.ord

---

[2] "The party seeking the presence of a third party at a Rule 35 examination carries the burden of convincing the court that such presence is necessary." Calderon v. Reederei Claus-Peter Offen GmbH & Co., 258 F.R.D. 523, 526 (S.D. Fla. 2009).  Here, plaintiffs' counsel failed to offer any authority or persuasive argument for requiring that plaintiff Rachael Akey be allowed to view the medical examination of plaintiff N.D. behind a mirror.  Moreover, the court has already permitted plaintiffs to videotape the examination.