UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHAEL AKEY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PLACER COUNTY, et al.,<br><br>Defendants. | No. 2:14-cv-2402-KJM-DB<br><br><br>ORDER |

Plaintiffs moved to clarify the court's order resolving the parties' cross-motions for summary judgment, specifically seeking clarification as to the time period for which plaintiffs may seek consequential damages at trial. ECF No. 159-1. At the November 16, 2018 Final Pretrial Conference, *see* ECF No. 171, the parties stipulated to the court's resolution of the motion for clarification by way of ruling on plaintiffs' motion in limine no. 1, ECF No. 163, and defendants' motions in limine no. 1 and 2, ECF No. 169. Upon reflection, because the parties' substantive briefing on the motion for clarification addresses most fully the questions implicated by the motions in limine, *see* ECF Nos. 159, 160, 162, 172, 173, the court considers that motion here first, and then clarifies how resolution of the motion affects resolution of the motions in limine at this juncture. For the reasons explained below, the court GRANTS the motion for clarification in plaintiffs' favor, resulting in a DEFERRED ruling on plaintiffs' motion in limine no. 1, and DENIAL of defendants' motions in limine nos. 1 and 2.

1

I.  BACKGROUND

    A.  Order on Cross-Motions for Summary Judgment

On August 14, 2018, the court issued an order resolving the parties' cross-motions for summary judgment, denying plaintiffs' motion in full and granting defendants' motion in part. ECF No. 155. The court denied defendants' motion for summary judgment on Akey and N.D.'s procedural due process claims, finding triable issues of material fact remain as to whether (1) they were deprived of a constitutionally protected interest when N.D. was removed from his mother's home, and (2) whether Akey agreed to N.D.'s removal, which was effected without a warrant, judicial hearing or exigency finding. *Id.* at 8–12.[1] The court also found defendants Sutton and Meyers were not entitled to qualified immunity in the face of Akey and N.D.'s procedural due process claims. *Id.* at 12–14. Addressing plaintiffs' substantive due process claims, however, the court found no reasonable juror could conclude that defendants' sending N.D. home with Dupree or their subsequent investigation constituted "the kind of conscious-shocking conduct required to succeed on a substantive due process claim." *Id.* at 14–19. After determining the *Monell* claims may proceed only as to defendants' "practice of permitting removal based on oral safety plans when written safety plans are feasible," *id.* at 20–22, the court granted defendants' motion for summary judgment on each of Akey and N.D.'s state law claims and each of Cornacchioli's claims, *id.* at 22–24.

    B.  Motion for Clarification

Plaintiffs seek clarification, arguing that it remains unclear whether plaintiffs may "seek consequential damages for the entire period that N.D. was removed from the custody of Plaintiff Akey, or . . . [only] for the eight day period ending on September 20, 2013." ECF No. 159-1 at 2. This issue was only briefly and tangentially addressed in the parties' briefing on their respective motions for summary judgment. *See* ECF No. 138 at 11–12 (defendants' amended motion for summary judgment arguing court should treat plaintiffs' improper investigation and improper taking allegations separately, in part because "[p]laintiffs' claims of a taking of N.D.

---

[1] Page cites refer to ECF pagination only, not internal document pagination.

2

would limit damages to an eight day period" as "[t]he family court awarded sole custody of N.D. to Mr. Dupree on September 20, 2013 . . ."); ECF No. 142 at 11–12 (plaintiffs' opposition arguing family court decision based on defendants' report and testimony, which were therefore "the entire proximate causation for Rachel Akey losing custody of N.D. for over six months") (emphasis omitted). At hearing on the parties' cross-motions, the court permitted the parties to provide supplemental citations to case law, without argument, as to whether defendants' liability for a constitutional deprivation continued once the family law court issued its September 20, 2013 order. ECF No. 148.

Plaintiffs seek clarification, arguing the court's order "does not discuss any of the specific arguments and citations that both sides presented." ECF No. 159-1 at 4. Defendants argue the court's decision "restricted the remaining allegations to the issue of whether a temporary custody agreement was reached on September 12, 2013," and because plaintiffs' allegations concerning defendants' investigation are no longer at issue, "the only potential related damages are until that arrangement was modified, which occurred a week later on September 20, 2013." ECF No. 160 at 5. Plaintiffs' reply faults defendants for providing "a legal brief on the issue of causation and damages," noting the court previously allowed only a letter with citations to authority on the issue, and urges the court to either disregard defendants' argument or consider plaintiffs' attached memorandum alongside defendants'. ECF No. 162 at 2; ECF No. 162-1. The court resolves the motion below.

C. In Limine Motions

Plaintiffs' motion in limine no. 1, ECF No. 163, seeks to exclude evidence irrelevant and prejudicial to trial of the questions preserved by the court's summary judgment order, ECF No. 155. Specifically, plaintiffs ask the court to exclude evidence of prior CPS investigations related to Akey and Cornacchioli because the evidence is irrelevant to the underlying investigation and removal of N.D. at issue here, and is improper character evidence. *Id.* at 4–6.

Defendants' motion in limine no. 1, most related to the questions raised by the motion for clarification, asks the court to exclude all evidence of damages beyond September 20,

3

2013, the point at which the family law court awarded temporary custody to N.D.'s father, Cameron Dupree. ECF No. 169 at 1–5. Defendants' motion in limine no. 2 seeks exclusion of any evidence related to plaintiffs' attorney fees incurred as a result of the family court custody trial in March 2014. ECF No. 169 at 6–7.

## II. LIMITS TO RULINGS IN LIMINE

The court issues its rulings on motions in limine based on the record currently before it. Each ruling is made without prejudice and is subject to proper renewal, in whole or in part, during trial. If a party wishes to contest a pre-trial ruling, it must do so through a proper motion or objection, or otherwise forfeit appeal on such grounds. *See* Fed. R. Evid. 103(a); *United States v. Whittemore*, 776 F.3d 1074, 1082 (9th Cir. 2015) ("Where a district court makes a tentative in limine ruling excluding evidence, the exclusion of that evidence may only be challenged on appeal if the aggrieved party attempts to offer such evidence at trial, which allows the court to make a final ruling.") (citation and quotation omitted).

## III. DISCUSSION

### A. Motion for Clarification

The narrow question before the court for clarification is whether the September 20, 2013 custody determination broke the chain of causation such that all injury associated with the loss of custody beyond that point is irrelevant to the issue of defendants' liability for the alleged procedural due process deprivation on September 12, 2013. As explained below, the court answers that question in the negative. Plaintiffs will be permitted to present evidence at trial on the issues of causation and damages covering the period after the September 20, 2013 award of custody to Mr. Dupree.

In a § 1983 action, a defendant is "responsible for the natural consequences of his actions." *Tatum v. Moody*, 768 F.3d 806, 817 (9th Cir. 2014). Those consequences are capped if "'an intervening decision of an informed, neutral decision-maker 'breaks' the chain of causation,' meaning that the harm to the plaintiff can be traced more directly to an intervening actor." *Stoot v. City of Everett*, 582 F.3d 910, 926 (9th Cir. 2009) (quoting *Murray v. Earle*, 405 F.3d 278, 292 (5th Cir. 2005)). Generally, "[c]ausation is an intensely factual question that should typically be

4

1 resolved by a jury." *Pac. Shores Properties, LLC v. City of Newport Beach*, 730 F.3d 1142, 1168 (9th Cir. 2013); *Clement v. United States*, 980 F.2d 48, 54 (1st Cir. 1992) ("Causation–in–fact is, by definition, a factual inquiry.").

In their brief, defendants argue "[t]he chain of causation analysis does not apply . . . since an extended damages period is not the result of any procedural due process violations." ECF No. 173 at 2. Defendants assert that the cases on which plaintiffs rely are misplaced because they "speak to [] general . . . constitutional violations, not the narrower topic of alleged procedural due process violations," and that plaintiffs' "chain of causation" arguments are more appropriate in the criminal prosecution context because "the initial act is connected to the subsequent act. If the person were not arrested, then they likely would not be prosecuted." *Id.* at 2–3. For this assertion, defendants rely on the "rebuttable-presumption-based approach" described in *Beck v. City of Upland*, 527 F.3d 853, 862 (9th Cir. 2008), and argue plaintiffs "provide no evidence to rebut the presumption" the family court decision was anything but the "independent judgment by the family court judge." *Id.* at 4.

In plaintiffs' supplemental brief, they cite a number of cases for the general notion that "where the state actors who initiated the matter and who are responsible for gathering the facts that were (or were supposed to be) presented to the court, failed to present such essential and/or exculpatory facts to the court, the chain of causation is not broken and liability for these state actors continues." ECF No. 172 at 2. Plaintiffs claim they have provided sufficient evidence, cited in prior briefing, to support their argument that Sutton and Myers impaired the family court's ability to make an informed, neutral decision on September 20, 2013. *Id.* at 4–5 (citing ECF Nos. 142-1, 142-2, 162-1).

The court finds sufficient evidence exists on the issue of causation that a jury determination is necessary to decide when defendants' liability, if any, ends. As explained above, to find a definitive break in the chain of causation, there must be clear evidence that an "intervening decision of an informed, neutral decision-maker" has occurred. *Stoot*, 582 F.3d at 926. This is true both in the prosecutorial context and the civil procedural due process context. *See Haugen v. Fields*, 366 F. App'x 787, 789 (9th Cir. 2010) (considering causal effect of

5

juvenile court's intervening decision to remove child from parent's home in procedural due process claim). The ability of a neutral judge's decision to cut off causation, however, is "only as good as the information on which the decisions of the . . . judge are based," *Tatum*, 768 F.3d at 818, and where questions remain as to the validity of those proceedings, those questions must be resolved by the jury, *Morris v. Dearborne*, 181 F.3d 657, 673 (5th Cir. 1999) (in § 1983 action, "the question of causation is intensely factual") (internal quotations omitted).

Although the court's summary judgment order focused the procedural due process question on the disputed removal of September 12, 2013, the court made no finding as to the limitation of liability based on the alleged procedural deprivation, nor did the court determine the sufficiency of subsequent family court hearings. ECF No. 155 at 8–12. Plaintiffs consistently have questioned the validity of post-removal hearings based on the family court's reliance on Sutton and Myers' representations. *See* ECF No. 109 at 26, ¶ 64 ("Sutton fabricated evidence . . . that N.D. was in imminent danger."); ECF No. 135-2 at 2 (Cameron Dupree initiated custody proceeding based on findings of Sutton and Myers); ECF No. 135-3 at 487 (at September 20, 2013 custody hearing, family court relied exclusively on Myers' testimony); ECF No. 38-1 at 35 (court finding "no evidence" of mother's general neglect or failure to protect); ECF No. 135-2 at 26 ("Akey investigation conducted in bad faith."); ECF No. 135-2 at 28 (inconsistencies in Sutton testimony regarding Akey investigation). Defendants' claim that plaintiffs are merely attempting to "re-litigate the question over whether the abuse/neglect allegations should have been substantiated," ECF No. 169 at 5, is not well-taken, when the court has not made a finding as to the validity of the family court hearings in the first place.

It is true, as the parties agree, that *Carey v. Piphus*, 435 U.S. 247 (1978) and *Watson v. City of San Jose*, 800 F.3d 1135 (9th Cir. 2015), are generally applicable to the availability of damages in a § 1983 procedural due process action. *See* ECF No. 169 at 2–5 (defendants applying *Carey* and *Watson*); ECF No. 172 at 2 ("Plaintiffs agree that under normal circumstances the reasoning in *Carey* and *Watson* . . . would cut-off consequential damages."). *Carey* and *Watson* are not, however, directly applicable to the precise question here, which focuses on the purely factual question of when defendants' liability is cut off. *Piphus* sets up the

general causation framework for compensatory damages in a § 1983 procedural due process action. 435 U.S. at 259–66. *Watson*, while on the one hand more closely aligned to the facts here, is distinguishable because the validity of the intervening custody determination was not at issue, as the court in that case considered how to appropriately articulate damages limitations for the jury's consideration, not whether the custody determination itself provided sufficient process. 800 F.3d at 1139–42.

In *Morris v. Dearborne*, 181 F.3d 657 (5th Cir. 1999), the Fifth Circuit addressed a causation issue closer to the question here. In *Morris*, parents filed substantive and procedural due process claims based on a three-year separation of their daughter from the family while authorities investigated possible child abuse. *Id.* at 662. In upholding the lower court's denial of summary judgment, the court addressed defendant's intervening-cause argument:

> There is evidence that [defendant's] role was not limited to that of a mere reporter of suspected abuse. She allegedly created false evidence that was presented to the state court judge and to child welfare officials in the first instance. She then continued to create false evidence after [the child] was removed from the home and any emergency had passed, in violation of specific instructions to discontinue the use of [Facilitated Communication] with [the child], in an attempt to further influence the results of the state process, thereby compromising the integrity and independence of the state proceeding.

*Id.* at 673. The court found this evidence created a question of fact appropriate for jury determination as to whether the defendant "subverted the ability of the court to conduct independent decision making by providing false information, and in so doing, withholding true information." *Id. Morris* is consistent with the Ninth Circuit's reasoning that procedural protections are "only as good as the information on which the decisions of the . . . judge are based." *Tatum*, 768 F.3d at 818.

As noted, plaintiffs present evidence of inconsistencies in Sutton and Myers's investigation, ECF No. 135-2 at 28, that their investigation was conducted in "bad faith," ECF No. 135-2 at 26, the family court heavily relied on their representations when reaching its decision, ECF No. 135-3 at 487, and there was ultimately "no evidence" of Akey's neglect or

/////

7

failure to protect N.D., ECF No. 38-1. Such evidence is sufficient to raise a triable question of fact on the family court's ability to make an informed, neutral decision. *Stoot*, 582 F.3d at 926.

Based on the evidence, a jury may well conclude the family court made an informed, neutral decision on September 20, 2013, or perhaps on another date thereafter, thus capping liability at that point. Still, when such a question exists, it is the responsibility of a jury, not this court, to provide an answer.[2] *See Morris*, 181 F.3d at 673 ("The fact finder will [] be able to determine the extent to which . . . the state court judge relied on [defendant's] representations and the extent to which she succeed in her attempt to skew the proceedings.").

For these reasons, the motion for clarification is resolved in plaintiffs' favor.

B. In Limine Motions

Plaintiffs' motion in limine no. 1, ECF No. 163, and defendants' motions in limine no. 1 and 2, ECF No. 169, are resolved below.

1. Plaintiffs' Motion In Limine No. 1

Plaintiffs' motion in limine no. 1 seeks to exclude evidence of Akey's prior CPS investigations as irrelevant under Federal Rules of Evidence 401 and 402, and as impermissible character evidence under Federal Rule of Evidence 608.

Under Rule 401, "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Under Rule 402, all "[r]elevant evidence is admissible unless [an enumerated exception] provides otherwise." Fed. R. Evid. 402. Rule 608(b) provides that "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b). Extrinsic evidence is, however, permissible on cross-examination if it is probative of that witness's propensity for truthfulness. *Id.*

---

[2] Should this matter proceed to trial, the court invites the parties to propose procedures to accomplish efficient resolution by the jury of the question whether the state family law court's decision was fully informed and neutral. Such procedures might include the use of a special verdict form, phasing or other form of bifurcation.

At this juncture, without more information, the court is unable to determine whether any evidence of any prior CPS investigations involving Akey or Cornacchioli have any relevance to the September 12, 2013 removal at issue in this case. There is no guarantee such evidence will come in, nor that it will be excluded. The parties will need to be prepared to argue their respective positions on the first day of trial or during trial as the issue arises.

Should defendants seek to rely on prior CPS investigations in order to attack Akey or Cornacchioli's truthfulness, they may do so only by faithful reliance on Rule 608(b)'s limited provision, subject to the court's ruling on any other objections interposed.

On the current record, ruling on this motion at this juncture is premature.[3] Plaintiffs' motion in limine no. 1 is DEFERRED until trial.

2. Defendants' Motion In Limine No. 1

Defendants' motion in limine no. 1 seeks to exclude testimony related to family court proceedings after the September 20, 2013 ex parte hearing. ECF No. 169 at 1–5. For the same reasons discussed in connection with the motion for clarification above, defendants' motion is DENIED. The court will permit presentation of evidence related to proceedings after the September 20, 2013 ex parte hearing, subject to objection, and so long as the evidence is relevant to causation and damages questions concerning the alleged procedural due process violation to be tried.

3. Defendants' Motion In Limine No. 2

Defendants ask the court to exclude anticipated testimony, argument and claims of damages based on attorneys' fees incurred for the family court trial held in March 2014. *Id.* at 6–7. Defendants' motion identifies only scant evidence and no case law related to plaintiffs' inability to seek attorney fees incurred in trial of an underlying family court matter, and plaintiffs have filed no opposition. The court declines to do defendants' work for them by making

---

[3] Although at the November 16, 2018 final pretrial conference the court signaled its intent to provide a briefing schedule for the motions in limine, the final pretrial order contained no such schedule. *See* ECF No. 171, 174. At the same time, the parties did not object to the order and seek a briefing schedule. Therefore, the court issues this order based on the only briefing that has been filed.

arguments on their behalf.  *See, e.g.*, *Clarke v. Tannin, Inc.*, 301 F. Supp. 3d 1150, 1161 (S.D. Ala. 2018) ("[T]he Court will not manufacture or support arguments on behalf of the litigants.").  Defendants' motion in limine no. 2 is DENIED.

IV. CONCLUSION

The motion for clarification is GRANTED in plaintiffs' favor as set forth above.  ECF No. 159.  The court DEFERS ruling on plaintiffs' motion in limine no. 1, ECF No. 163, and DENIES defendants' motions in limine no. 1 and 2, ECF No. 169 at 1–7.

IT IS SO ORDERED.

DATED:  January 23, 2019.

_____
UNITED STATES DISTRICT JUDGE