UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RACHAEL AKEY, et al.,

          Plaintiffs,

   v.

PLACER COUNTY, et al.,

          Defendants.

No. 2:14-cv-2402-KJM-DB

<u>FINAL JURY INSTRUCTIONS</u>

DATED: April 25, 2019

_____
UNITED STATES DISTRICT JUDGE

**FINAL INSTRUCTION NO. 1**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the parties, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. You, and you alone, are the judges of the facts. You must decide what the facts are and then apply those facts to the law which I will give to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**FINAL INSTRUCTION NO. 2**

You are the sole judges of the evidence in this case and it is up to you to evaluate the witnesses and other evidence. You are to perform this duty without bias, sympathy, prejudice, or what you think public opinion might be. You must impartially consider all the evidence in the case, following the law as stated in these instructions.

1
    **FINAL INSTRUCTION NO. 3**

2
    All parties stand equal before the law, and are to be dealt with as equals in a court of

3
justice.

# FINAL INSTRUCTION NO. 4

You should not necessarily decide any issue of fact in favor of the side that brought more witnesses or evidence at trial.

The test is which evidence convinces you because it is most believable.

In deciding contested issues, you should keep in mind who has the burden of proof on that issue.

**FINAL INSTRUCTION NO. 5**

The evidence in this case consists of the sworn testimony of the witnesses and all exhibits received into evidence. In reaching your verdict, you may consider only the testimony and exhibits received into evidence.

Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by counsel are not evidence. The parties' attorneys are not witnesses. What the attorneys have said in their opening statements, or in their closing arguments and at other times, is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way they have stated them, your memory of them controls.

(2) Questions and objections by counsel are not evidence. You should not be influenced by an objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**FINAL INSTRUCTION NO. 6**

There are two kinds of evidence, direct and circumstantial. A witness testifying to having actual knowledge of a fact and documents received in evidence constitute direct evidence. Circumstantial evidence is a chain of evidence from which you could find that another fact exists, even though no one directly testified as to that fact.

Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

How much you believe evidence should not depend on whether it is direct or circumstantial, but on whether the evidence is trustworthy and reliable. For that reason, you may find a fact has been proven by circumstantial evidence if that conclusion seems reasonable to you.

**FINAL INSTRUCTION NO. 7**

In deciding what the facts are, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account any number of factors, which may include the following:

1. Was the witness able to see, hear or know the things about which the witness testified?

2. How good is the witness's memory and is the witness able to testify clearly?

3. Was the witness's manner while testifying straightforward and convincing, or evasive and unconvincing?

4. Did the witness have an interest in the outcome of the case or any bias or prejudice concerning anyone or anything that mattered in the case, and if so, did that interest or bias affect the testimony?

5. How reasonable was the witness's testimony when you consider it in light of all the other evidence in the case?

6. Was the witness's testimony contradicted by what that witness said or did at another time, whether those statements are presented through live testimony or contained in documents introduced into evidence or by the testimony of other believable witnesses or evidence?

7. Are there any other factors that bear on believability?

In deciding whether or not to believe a witness, remember that people sometimes forget things or sometimes get confused.

Also remember that the weight of evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**FINAL INSTRUCTION NO. 8**

Some evidence may be admitted for a limited purpose only. During this trial, when I instructed you that an item of evidence was being admitted for a limited purpose, that item of evidence must be considered for that limited purpose and for no other.

**FINAL INSTRUCTION NO. 9**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**FINAL INSTRUCTION NO. 10**

Several lay witnesses testified about their opinions during the trial. You may, but are not required to accept those opinions. You may give any opinion whatever weight you think is appropriate.

Consider the extent of the witness's opportunity to perceive the matters on which the opinion is based, the reasons the witness gave for the opinion, and the facts or information on which the witness relied in forming that opinion. You must decide whether information on which the witness relied was true and accurate. You may disregard all or any part of an opinion that you find unbelievable, unreasonable, or unsupported by the evidence.

# FINAL INSTRUCTION NO. 11

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury by calling a recess or by extending a break. Please understand that while you were waiting, we were working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I did not always grant a party's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

# FINAL INSTRUCTION NO. 12

In general, the party having the burden of proof on an issue must prove it by a "preponderance of the evidence." Plaintiffs have the burden of proof on their claims. Defendants have the burden of proof on their affirmative defense.

Proof by a preponderance of the evidence means the evidence is more convincing and more probably true than not. If the evidence as to any issue is evenly balanced, your finding upon that issue must be against the party who had the burden of proving it.

In determining whether an issue has been proved by a preponderance of the evidence, you should consider all the evidence having to do with that issue regardless of who produced it.

I will instruct you about the burden of proof in connection with the specific claims and affirmative defenses.

**FINAL INSTRUCTION NO. 13**

In this case, plaintiffs are Rachael Akey and N.D., a minor. Defendants are Placer County, Gloria Sutton and Scott Myers. Plaintiffs have brought several legal claims against the defendants.

Each of plaintiffs' claims are entitled to your separate consideration. That is, you must decide independently as to each claim whether plaintiffs are entitled to recover and, if so, the amount.

That plaintiffs may be entitled to your verdict on one claim does not mean that they are necessarily entitled to recover on another claim.

On the other hand, that plaintiffs do not gain a verdict on one claim does not prevent your awarding a verdict on another claim.

**FINAL INSTRUCTION NO. 14**

In this civil suit, plaintiffs bring a total of six claims for violation of their civil rights under 42 U.S.C. § 1983.  Two claims, one brought by Rachael Akey and one by N.D., allege that Placer County violated plaintiffs' rights based on an official policy, practice or custom used by the County.  These are sometimes referred to as *Monell* claims, deriving from the name of the case on which the claims are based.  The four remaining claims, two by Rachael Akey and two by N.D., allege that defendants violated plaintiffs' procedural due process rights under the United States Constitution.

These claims are described in the following instructions.  Each claim involves a distinct set of elements.  Although the claims may have some elements in common, you should consider each claim individually.  Plaintiffs can succeed on any one claim only if they prove all of the elements of that claim.

The following instructions set forth the elements that plaintiffs must meet under each claim.

# FINAL INSTRUCTION NO. 15

## *Monell* Claim by Rachael Akey Against Placer County

In order to prevail on her § 1983 *Monell* claim against defendant Placer County alleging liability based on an official policy, practice, or custom, plaintiff Rachael Akey must prove each of the following elements by a preponderance of the evidence:

1. County employees Gloria Sutton and/or Scott Myers acted under color of state law;

2. the acts of Gloria Sutton and/or Scott Myers deprived plaintiff Rachael Akey of her right to familial association under the United States Constitution as explained in Final Instruction No. 18;

3. Gloria Sutton and/or Scott Myers acted pursuant to a widespread or longstanding practice or custom of the defendant Placer County; and

4. the defendant Placer County's widespread or longstanding practice or custom caused the deprivation of the plaintiff Rachael Akey's rights by the actions of Gloria Sutton and/or Scott Myers; that is, Placer County's widespread or longstanding practice or custom of using oral safety plans is so closely related to the deprivation of Rachael Akey's rights as to be the moving force that caused the injury Ms. Akey claims.

The parties have stipulated that Gloria Sutton and/or Scott Myers acted under color of state law. Therefore, you should accept element 1 above as established.

"Practice or custom" means any longstanding, widespread, or well-settled practice or custom that constitutes a standard operating procedure of the defendant Placer County.

If you find plaintiff Rachael Akey has proved each of these elements, and if you also find that Rachael Akey has proved all the elements she is required to prove under Final Instruction No. 18, your verdict on this claim should be for plaintiff Rachael Akey. If, on the other hand, Rachael Akey has failed to prove any one or more of these elements, your verdict on this claim should be for defendant Placer County.

**FINAL INSTRUCTION NO. 16**

***Monell* Claim of N.D. Against Placer County**

In order to prevail on his § 1983 *Monell* claim against defendant Placer County alleging liability based on an official policy, practice, or custom, plaintiff N.D. must prove each of the following elements by a preponderance of the evidence:

1. County employees Gloria Sutton and/or Scott Myers acted under color of state law;

2. the acts of Gloria Sutton and/or Scott Myers deprived plaintiff N.D. of his right to familial association under the United States Constitution as explained in Final Instruction No. 18;

3. Gloria Sutton and/or Scott Myers acted pursuant to a widespread or longstanding practice or custom of the defendant Placer County; and

4. the defendant Placer County's widespread or longstanding practice or custom caused the deprivation of the plaintiff N.D.'s rights by the actions of Gloria Sutton and/or Scott Myers; that is, Placer County's widespread or longstanding practice or custom of using oral safety plans is so closely related to the deprivation of N.D.'s rights as to be the moving force that caused the injury N.D. claims.

The parties have stipulated that Sutton and/or Scott Myers acted under color of state law. Therefore, you should accept element 1 above as established.

"Practice or custom" as used here has the same definition as provided in Final Instruction No. 15.

If you find plaintiff N.D. has proved each of these elements, and if you also find that N.D. has proved all the elements he is required to prove under Final Instruction No. 18, your verdict on this claim should be for plaintiff N.D. If, on the other hand, N.D. has failed to prove any one or more of these elements, your verdict on this claim should be for defendant Placer County.

17

# FINAL INSTRUCTION NO. 17

## Procedural Due Process Claim by Rachael Akey Against Gloria Sutton

In order to prevail on her § 1983 procedural due process claim against defendant Gloria Sutton, plaintiff Rachael Akey must prove each of the following elements by a preponderance of the evidence:

1. Defendant Gloria Sutton acted under color of state law; and

2. the acts or omissions of defendant Sutton deprived plaintiff Rachael Akey of her right to familial association under the United States Constitution without fundamentally fair procedures as explained in Final Instruction No. 18.

3. Additionally, in this § 1983 action, plaintiff Rachael Akey must also demonstrate that defendant Gloria Sutton's acts or omissions were the cause of Ms. Akey's injury. "Cause" is defined as something that directly produces an event and without which the event would not have occurred.

The parties have stipulated that defendant Sutton acted under color of state law. Therefore, you should accept element 1 above as established.

If you find plaintiff Rachael Akey has proved each of these elements, and if you also find that Rachael Akey has proved all the elements she is required to prove under Final Instruction No. 18, your verdict on this claim should be for plaintiff Rachael Akey. If, on the other hand, Rachael Akey has failed to prove any one or more of these elements, your verdict on this claim should be for defendant Gloria Sutton.

# FINAL INSTRUCTION NO. 18

The rights of parents and children to familial association under United States Constitution are violated if:

1. a state official removes children from their parents without their consent, and without a court order,

2. unless information at the time of the seizure, after reasonable investigation, establishes reasonable cause to believe that the child is in imminent danger of serious bodily injury, and

3. if there is an imminent danger of serious bodily injury, the scope, degree, and duration of the intrusion into the parent-child relationship is limited to that which is reasonably necessary to avert a specific injury and is not longer than necessary.

# FINAL INSTRUCTION NO. 19

## Procedural Due Process Claim by Rachael Akey Against Scott Myers

In order to prevail on her § 1983 procedural due process claim against defendant Scott Myers, plaintiff Rachael Akey must prove each of the following elements by a preponderance of the evidence:

1. Defendant Scott Myers acted under color of state law; and

2. the acts or omissions of defendant Scott Myers deprived plaintiff Rachael Akey of her right to familial association under the United States Constitution without fundamentally fair procedures as explained in Final Instruction No. 18.

3. Additionally, in this § 1983 action, plaintiff Rachael Akey must also demonstrate that defendant Scott Myers' acts or omissions were the cause of Ms. Akey's injury. "Cause" is defined as in Final Instruction No. 17, lines 11-13.

The parties have stipulated that defendant Myers acted under color of state law. Therefore, you should accept element 1 above as established.

If you find plaintiff Rachael Akey has proved each of these elements, and if you also find that Rachael Akey has proved all the elements she is required to prove under Final Instruction No. 18, your verdict on this claim should be for plaintiff Rachael Akey. If, on the other hand, Rachael Akey has failed to prove any one or more of these elements, your verdict on this claim should be for defendant Scott Myers.

# FINAL INSTRUCTION NO. 20

## Procedural Due Process Claim by N.D. Against Gloria Sutton

In order to prevail on his § 1983 procedural due process claim against defendant Gloria Sutton, plaintiff N.D. must prove each of the following elements by a preponderance of the evidence:

1. Defendant Gloria Sutton acted under color of state law; and

2. the acts or omissions of defendant Gloria Sutton deprived plaintiff N.D. of his right to familial association under the United States Constitution without fundamentally fair procedures as explained in Final Instruction No. 18.

3. Additionally, in this § 1983 action, plaintiff N.D. must also demonstrate that defendant Gloria Sutton's acts or omissions were the cause of N.D.'s injury. "Cause" is defined as in Final Instruction No. 17, lines 11-13.

The parties have stipulated that defendant Sutton acted under color of state law. Therefore, you should accept element 1 above as established.

If you find plaintiff N.D. has proved each of these elements, and if you also find that N.D. has proved all the elements he is required to prove under Final Instruction No. 18, your verdict on this claim should be for plaintiff N.D. If, on the other hand, N.D. has failed to prove any one or more of these elements, your verdict on this claim should be for defendant Gloria Sutton.

**FINAL INSTRUCTION NO. 21**

**Procedural Due Process Claim by N.D. Against Scott Myers**

In order to prevail on his § 1983 procedural due process claim against defendant Scott Myers, plaintiff N.D. must prove each of the following elements by a preponderance of the evidence:

1. Defendant Scott Myers acted under color of state law; and

2. the acts or omissions of defendant Scott Myers deprived plaintiff N.D. of his right to familial association under the United States Constitution without fundamentally fair procedures as explained in Final Instruction No. 18.

3. Additionally, in this § 1983 action, plaintiff N.D. must also demonstrate that defendant Scott Myers's acts or omissions were the cause of N.D.'s injury. "Cause" is defined as in Final Instruction No. 17, lines 11-13.

The parties have stipulated that defendant Myers acted under color of state law. Therefore, you should accept element 1 above as established.

If you find plaintiff N.D. has proved each of these elements, and if you also find that N.D. has proved all the elements he is required to prove under Final Instruction 18, your verdict on this claim should be for plaintiff N.D. If, on the other hand, N.D. has failed to prove any one or more of these elements, your verdict on this claim should be for defendant Scott Myers.

**FINAL INSTRUCTION NO. 22**

**Defendants' Affirmative Defense: Mitigation of Damages**

Plaintiffs have a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages. Defendants have the burden of proving by a preponderance of the evidence:

    1. that the plaintiffs failed to use reasonable efforts to mitigate damages; and

    2. the amount by which damages would have been mitigated.

If you find for a plaintiff on a claim, but then find a defendant has proved each of these elements as to that claim by the plaintiff, then you must find for that defendant as to that specific claim.

**FINAL INSTRUCTION NO. 23**

**Compensatory Damages**

After instructing you about plaintiffs' claims and defendants' affirmative defense, it is the duty of the court to instruct you about the measure of damages. By instructing you on damages, the court does not mean to suggest for which party or parties your verdict should be rendered.

If you find for plaintiffs, you must determine each plaintiff's damages. Each plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate each plaintiff for any injury or loss you find was caused by each defendant. You should consider the following:

1. The nature and extent of any injuries;

2. Any loss of enjoyment of life experienced;

3. Any disability experienced;

4. Any mental, physical, and emotional pain and suffering experienced; and

5. The legal fees and costs incurred by each plaintiff in initiating this suit.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**FINAL INSTRUCTION NO. 24**

**Nominal Damages**

The law that applies to the claims in this case authorizes an award of nominal damages. If you find for a plaintiff on a claim but you find that the plaintiff has failed to prove compensatory damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

# FINAL INSTRUCTION NO. 25

## Punitive Damages

If you find for a plaintiff, you may, but are not required to, award punitive damages to that plaintiff. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

Each plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that a defendant's conduct that harmed a plaintiff was malicious, oppressive or in reckless disregard of that plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of a plaintiff's rights if, under the circumstances, it reflects complete indifference to that plaintiff's safety or rights, or if a defendant acts in the face of a perceived risk that his or her actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if a defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of a defendant's conduct.

You may not, however, set the amount of any punitive damages in order to punish a defendant for harm to anyone other than the plaintiff.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on a plaintiff.

Punitive damages may be awarded even if you award plaintiffs only nominal, and not compensatory, damages.

**FINAL INSTRUCTION NO. 26**

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

# FINAL INSTRUCTION NO. 27

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict on each count must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**FINAL INSTRUCTION NO. 28**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

**FINAL INSTRUCTION NO. 29**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**FINAL INSTRUCTION NO. 30**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.